IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY – TRENTON VICINAGE

| | |
|---|---|
| GLEN W. WEST, SR., | Civil Action No.: |
| *Plaintiff,* | |
| v. | NOTICE OF REMOVAL |
| GENERAL MOTORS LLC, | ELECTRONICALLY FILED |
| *Defendant.* | |

Defendant General Motors, LLC (hereinafter "GM") hereby removes this case from the Superior Court of New Jersey, Chancery Division, Mercer County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice of Removal, GM avers as follows:

I.   **INTRODUCTION AND FACTUAL BACKGROUND**

1. Plaintiff Glen W. West, Sr. commenced this civil action against GM by filing a Complaint for legal and equitable relief on or about February 14, 2011 in the Superior Court of New Jersey, Chancery Division, Mercer County[1]. A copy of the Complaint and all process, pleadings, and Orders served upon GM is attached as Exhibit A. Counsel for GM, Ricky M. Guerra, accepted service of the Summons and Complaint and related papers on February 14, 2010.

---

[1] At the time of this filing, the docket number for the state action seeking a Temporary Restraining Order ("TRO") was unavailable from the Clerk and a telephone conference on the request for the TRO in State Court is set for tomorrow, February 15, 2011. Consequently, GM is filing this Notice of Removal without the docket number of the State Court action due to inability to obtain it and the unique procedural posture of this case in State Court.

2. This action is removable to this Court under 28 U.S.C. § 1441 because this Court has original diversity jurisdiction over plaintiff's claims under 28 U.S.C. § 1332. There is complete diversity among the parties and the amount in controversy, as set forth by the allegations in the Complaint, exceeds $75,000, exclusive of interests in costs.

3. Venue is proper in this Court under 28 U.S.C. §1441(a) because this Court is the district and division embracing the place where the removed action is pending.

4. This Notice of Removal is timely filed since the action was removed within 30 days after service on GM. GM has accepted service pursuant to New Jersey Court rule 4:4-6 and a copy of the Acceptance of Service is attached as Exhibit "B". *See* 28 U.S.C. §1446(b); *Murphy Brothers, Inc. v. Michetii Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## II. THIS CASE IS REMOVABLE ON THE BASIS OF DIVERSITY JURISDICTION.

### A. There is Complete Diversity Among the Parties.

5. Defendant GM was, at the time plaintiff instituted this action and is, at the time of removal, a limited liability company organized and existing under the law of the State of Delaware with its principal place of business in the State of Michigan. There is one member of General Motors LLC and it is General Motors Holding LLC. General Motors Holding LLC is a limited liability company organized and existing under the law of State of Delaware with a principal place of business in the State of Michigan. Thus, General Motors LLC and its sole member, General Motors Holding LLC, are citizens of the State of Delaware and the State of Michigan. *See Fifth Third Bank v. Flatrock 3, LLC*, 2010 U.S. Dist. LEXIS 73589 at *6 (D.N.J., Jul. 21, 2010) (holding that the citizenship of limited liability company is determined by the citizenship of its members).

6. Plaintiff was, at the time this action was instituted and is, at the time of removal, a citizen of the State of New Jersey. *See* ¶2 of the Verified Complaint attached as Exhibit "A" and *Sprague v. American Bar Ass'n*, 166 F. Supp.2d 206, 209 (E.D. Pa. 2001) ("For purposes of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled.")

7. Complete diversity exists between the parties since plaintiff was at the time plaintiff instituted this action and is a citizen of the State of New Jersey and GM was and is a citizen of the States of Delaware and Michigan. *See* U.S.C §1332(a) and (c)(1).

**B. The Amount in Controversy Exceeds $75,000, Exclusive of Interests and Costs.**

8. The amount in controversy as set forth by the allegations of the Complaint exceed $75,000 exclusive of interests and costs. Plaintiff's Complaint alleges that the purchase price of his stock was $261,000 (Exhibit "A" to the Verified Complaint at ¶25); that the second Stockholders Agreement dated January 28, 2010 (Exhibit "A" to the Verified Complaint) reflects that plaintiff invested $261,000; that Plaintiff made additional "monetary infusions" of $450,000 and $200,000 (Exhibit "A" to the Verified Complaint at ¶31); and that the current value of the stock option price is $0. (Exhibit "A" at ¶46.)

9. Plaintiff has brought a claim for conversion, *inter alia*, based upon the estimated stock value of $0.00 and seeks to recover the value of these contributions stating "Defendants has seized for itself the goodwill and other assets of Plaintiff in an act of unlawful dominion and control over such goodwill and other assets, constituting conversion." (Exhibit A at ¶ 106).

10. Plaintiff also seeks injunctive relief, punitive damages and attorney's fees the value of which may be considered when determining the amount in controversy.

3

11. Plaintiff's Complaint therefore alleges an amount in controversy that exceeds $75,000. At a minimum, the Complaint illustrates that there is a "reasonable probability" that the jurisdictional amount exists. *See Brewster v. 3932 Assoc.,* 1993 U.S. Dist. LEXIS 889 at*7 (D.N.J., Jan. 19, 1993) (stating that for a defendant to meet the jurisdictional amount, it is sufficient to show there is a probability that the value of the matter in controversy exceeds the jurisdictional amount).

## II.  NOTICE HAS BEEN GIVEN AND STATE COURT PAPERS ARE ATTACHED.

12. In accordance with 28 U.S.C §1446(a), copies of all process, pleadings, and papers served on General Motors in the state court litigation are attached as Exhibit "A".

13. Pursuant to 28 U.S.C. § 1446(a) and (b), GM is serving this Notice of Removal on plaintiff and is filing a copy of this Notice with the Clerk of the Court of the Superior Court of Mercer County.

WHEREFORE, Defendant General Motors, LLC hereby removes this case from the Superior Court of Mercer County to this federal district court. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) because this action arises between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

Dated: 2/14/11

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
By:   s/Ricky M. Guerra
Joseph E. O'Neil
joneil@lavin-law.com
Ricky M. Guerra
rguerra@lavin-law.com
1300 Route 73, Suite 307
Mt. Laurel, NJ 08054
Tel No.:   (856) 778-5544
Fax No.:   (856) 793-0237
*Attorneys for Defendant,*
*General Motors, LLC*