NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

———————————————————————
                                  :

GLEN W. WEST, SR.,                      :

                           :

            Plaintiff,      :       Civil Action No. 11-819 (JAP)

    v.                    :

                           :       **OPINION**

GENERAL MOTORS LLC,       :

                           :

           Defendant.     :

———————————————————————   :

PISANO, District Judge.

Before the Court is Plaintiff Glen W. West, Sr.'s motion for reconsideration, filed pursuant to New Jersey Local Civil Rule 7.1(i). In an Opinion and Order dated June 7, 2011, the Court granted Defendant General Motors LLC's ("GM") motion to compel arbitration and ordered that Plaintiff submit his claims to binding arbitration. Plaintiff moves the Court to reconsider its Opinion and Order. GM opposes the motion. For the following reasons, Plaintiff's motion will be denied.

On February 8, 2011, Plaintiff was removed by GM from his position as the operator of a GM car dealership and stripped of his GM stock. Plaintiff filed suit to restore the *status quo*, and GM responded that their dispute must be arbitrated according to the terms of a 2008 Arbitration Agreement. *See* Mot. to Compel (Docket Entry no. 8), Exh. C (hereinafter cited as "Arb. Agrmt."). Plaintiff instead contended that a 2010 Dealer Sales and Service Agreement ("DSSA") between GM and the dealership applied to the dispute so that the matter was not subject to arbitration. *See* Opp'n to Mot. to Compel (Docket Entry no. 17), Exh. A. The Court ruled in favor of GM and granted the motion to compel arbitration.

Reconsideration is an extraordinary remedy that is normally appropriate only when one of the following three grounds for relief is established: "(1) 'an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" *Carmichael v. Everson*, 2004 WL 1587894, *1 (D.N.J. 2004) (quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.,* 825 F. Supp. 1216, 1220 (D.N.J. 1993)); *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995).  The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision."  *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]"  *Id.* (internal quotation marks omitted).

The Court finds that Plaintiff has not met the high burden of establishing adequate grounds for reconsideration.  Plaintiff has not asserted that an intervening change in the controlling law has occurred nor that evidence not previously available has since become available; instead, he claims that "the Court did not consider [a] dispositive legal argument" that he raised in his opposition to GM's motion to compel arbitration.  Specifically, Plaintiff claims that the Court committed a clear error of law by not considering his argument that there was a conflict between the Arbitration Agreement and the DSSA that rendered the Arbitration Agreement unenforceable.

Plaintiff's argument, however, is a mere recapitulation of an argument that the Court did in fact consider before rendering its original decision.  In its Opinion, the Court noted that while GM claimed that arbitration was appropriate, "Plaintiff contends that his claims instead fall under the scope of the DSSA . . . ."  Opinion at 5.  The Court, however, turned to the language

2

of the Arbitration Agreement to illustrate that, even if the dispute arose under the DSSA as

Plaintiff contends, the claims must still be arbitrated according to the Arbitration Agreement.

The Court specifically pointed to language in the Arbitration Agreement that provided for

arbitration of all claims arising from or related to "any other agreement entered into by, between

and/or among the Operator, the Dealer Company, and/or GM, including any GM Dealer Sales &

Service Agreements whether executed before or after this Arbitration Agreement . . . ."  Arb.

Agrmt. ¶1.  Thus, the Arbitration Agreement plainly applies to claims arising from the DSSA.

Furthermore, taken together the two agreements do not necessarily conflict.  As Plaintiff

pointed out in his brief for the motion to reconsider, *see* Pl. Br. at 2, the DSSA states:

> Therefore, except for the matters specified below, *and except as otherwise
> specifically agreed upon in writing between Dealer and General Motors*, Dealer
> and General Motors agree to mediate any dispute arising under this Agreement or
> applicable law using the General Motors Dispute Resolution Process then in
> effect . . . .

DSSA, Art. 16 (emphasis added).  As seen in the language quoted above from the 2008

Arbitration Agreement, Plaintiff and GM specifically agreed, in writing, to arbitrate claims

arising under *any agreement* between the dealership and GM "including any GM Dealer Sales &

Service Agreements whether executed before or after this Arbitration Agreement . . . ."[1]  Arb.

Agrmt. ¶1.  This specific, written agreement is an exception to the mandatory dispute resolution

process as provided for by the clear language of the DSSA.  Therefore, the claims before the

Court are subject to arbitration as provided by the Arbitration Agreement.

Finally, West's reliance on the First Circuit case of *Fit Tech, Inc. v. Bally Total Fitness*

*Holding Corp.*,  374 F.3d 1 (1st Cir. 2004), is misplaced.  In that case, the court allowed a

---

[1]     The Court notes that the dispute at issue in this case arises not between GM and the
dealership, or the "Dealer," as provided by the DSSA, but between GM and Plaintiff.
Nevertheless, even if the dealership and Plaintiff were interchangeable with regard to the DSSA
and the Arbitration Agreement, as it appears Plaintiff purports, the DSSA still allows for
specific, written agreements to except the parties from the mandatory mediation process.

judicial resolution to a dispute arising under a purchase agreement instead of enforcing an arbitration clause provided in a previously signed employment agreement.  *See id.*  *Fit Tech* is inapposite, however, because in that case the purchase agreement did not appear to include language that allowed for a previously signed arbitration agreement to apply, as the DSSA did here when it required mandatory mediation "except as otherwise specifically agreed upon in writing."  Moreover, in *Fit Tech*, "[t]he general arbitration clause . . . in the employment agreement[] . . . refers to disputes arising under or related to *that agreement*."  374 F.3d at 10 (emphasis in original).  In this case the Arbitration Agreement refers to disputes arising not only under that agreement, but *any* agreement, and specifically includes "any GM Dealer Sales & Service Agreements whether executed before or after this Arbitration Agreement."  Arb. Agrmt. ¶1.  Therefore, Plaintiff's argument under *Fit Tech* fails as well.

Plaintiff's arguments, as recapitulated in his motion for reconsideration, fail to demonstrate his claims should not be adjudicated by arbitration as provided in the Arbitration Agreement.  Accordingly, his Motion for Reconsideration will be denied.  An appropriate order will issue.


/s/ JOEL A. PISANO
United States District Judge


Dated: August 5, 2011

4